UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF


v.                                                    CIVIL ACTION NO. 3:16-CV-631-CRS


LAW OFFICES OF FORBUSH-MOSS PSC
and BETHANNI FORBUSH-MOSS                                          DEFENDANTS


**MEMORANDUM OPINION**

This matter is before the court on motion of the Plaintiff, the United States of America, for summary judgment pursuant to Fed.R.Civ.P. 56. The Defendants, the Law Offices of Forbush-Moss PSC ("Law Office") and Bethanni Forbush-Moss, did not respond to the Plaintiff's Motion for Summary Judgement and the time for a response has expired. Therefore, the motion is ripe for review. For the reasons stated, the Plaintiff's motion will be **GRANTED**.

## I.     BACKGROUND

Bethanni Forbush-Moss is the owner of and sole attorney at the Law Offices of Forbush-Moss PSC in Jefferson County, Kentucky. (DN 1, ¶ 5.) In October of 2016, the Plaintiff filed a Complaint in this court alleging that the Defendants repeatedly have failed to pay federal employment, unemployment, and corporation taxes. (*Id.* at ¶ 6.) The Complaint alleges that, as of September 12, 2016, the Defendants were indebted to the United States in the total amount of $136,951.95, inclusive of interest and penalties accrued as of that date. (*Id.* at ¶ 10.) The United States seeks an injunction compelling the Defendants' compliance with the federal tax laws at issue.

## II. STANDARD

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Additionally, the Court must draw all factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). It is the burden of the nonmoving party to "direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

## III. DISCUSSION

The Defendants are obligated to comply with certain federal tax laws. The Law Office must file with the Internal Revenue Service (IRS) its Employer's Quarterly Federal Tax Returns, its annual Employer's Federal Unemployment Tax Returns, and its annual United States Corporation Tax Return. 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1. The Law Office also must withhold its employees' federal income and Federal Insurance Contributions Act ("FICA") taxes, as well as withhold its own FICA, Federal Unemployment Tax Act ("FUTA") taxes, and corporation income taxes. 26 U.S.C. §§ 11, 3102, 3111, 3301, 3402. The Law Office must make periodic deposits of its withheld taxes into a federal depository bank. 26 U.S.C. §§ 6302, 6157; 26 C.F.R. § 31.6302-1. The Defendants' answers to the Complaint did not dispute that they were subject to these federal tax laws. (DN 8, ¶ 3; DN 9, ¶ 3.)

The Plaintiff contends that the Defendants have violated these tax laws by failing to withhold and pay employment and unemployment taxes since 2011, failing to make quarterly payments of its corporate income taxes since 2009, and failing to file various required tax returns since 2012. (DN 15-3, ¶¶ 16, 22, 25.) The United States claims that the IRS has attempted to collect the Law Office's tax debts on numerous occasions, including recording Notices of Federal Tax Liens against the Defendants. (*Id.* at ¶ 30.) The Plaintiff also states that a Revenue Officer hand-delivered a letter to the Law Office informing the Defendants that the IRS would take additional enforcement actions, including seeking a civil injunction, if the Law Office did not make its required federal tax deposits. (*Id.* at ¶ 32.) According to the United States, despite the IRS's efforts, the Defendants nonetheless failed to make required tax payments. (*Id.* at ¶ 34.) The IRS contends that it has exhausted all of its administrative abilities to recover the tax debts. (*Id.* at ¶ 35.)

In support of its motion for summary judgment, the United States has submitted the Account Transcripts of the Defendants between the years of 2009 and 2015. The Account Transcripts show the Defendants' account balances, accrued interest, penalties, and transactions. (DN 15-4 – 15-6.) The United States has also submitted the affidavit of Gregory W. Kamenish ("Kamenish"), a Supervisory Revenue Officer for the IRS. (DN 15-3.) Kamenish testified to the accuracy of the Account Transcripts. (*Id.* at ¶ 8.) He stated that a review of the Account Transcripts shows that the Law Office owes employment taxes in the amount of $100,210.80, unemployment taxes in the amount of $3,740.63, and corporation income taxes in the amount of 23,674.86. (*Id.* at ¶¶ 11, 17, 23.) These amounts do not include interest and penalties, which Kamenish asserts are also owed by law. (*Id.*)

The Plaintiff additionally attached documents evidencing the IRS' attempts at recovering the Defendants' tax debts. These include Notices of Federal Tax Liens and a letter addressed to the Law Office dated May 5, 2015. (DN 15-7; DN 15-8.) This letter states that the IRS would "consider stricter civil or criminal enforcement procedures" if federal taxes were not deposited within thirty days. (DN 15-8.) As the Defendants did not file a response to the Plaintiff's motion for summary judgment, these facts are uncontested.

The United States claims that, in light of the above undisputed facts, the court should enter a permanent injunction against the Defendants pursuant to Section 7402(a) of the Internal Revenue Code. 26 U.S.C. § 7402(a). Section 7402(a) states, in relevant part:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction. . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

*Id*. The Sixth Circuit has held that "because the statute expressly authorizes the issuance of an injunction, the traditional requirements for equitable relief need not be satisfied." *U.S. v. ITS Financial, LLC*, 592 Fed. Appx. 387, 400 (6th Cir. 2014). Courts have noted the broad scope of power granted by the statute. *Id*. at 394; *See also United States v. Hinz*, 126 F. Supp. 3d 921, 930 (N.D. Ohio 2015) ("The statute is essentially a catch-all provision that grants federal courts the authority to issue any remedy that may be necessary and appropriate for the enforcement of the internal revenue laws.") (internal quotations omitted). Thus, an injunction may be issued if it is "necessary and appropriate" for the enforcement of the internal revenue laws. 26 U.S.C. § 7402(a). *See also ITS Financial*, 592 Fed. Appx. at 394.

When determining whether an injunction is "necessary and appropriate" under the circumstances, courts have considered whether defendants were "reasonably likely to violate the

federal tax laws again." *Id*. at 400. See also *United States v. Elsass*, 978 F. Supp. 2d 901, 939 (S.D. Ohio 2013), aff'd, 769 F.3d 390 (6th Cir. 2014) ("The Court also concludes that injunctive relief is necessary to prevent the recurrence of the conduct."). Factors determining the likelihood of future tax violations include: the gravity of harm caused by the offense; the extent of the defendant's participation and the defendant's degree of scienter; the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve the defendant in such transaction; the defendant's recognition of his or her own culpability; and the sincerity of the defendant's assurances against future violations. *ITS Financial*, 592 Fed. Appx. at 400.

Given the undisputed evidence, the court finds that a permanent injunction is necessary and appropriate under the circumstances. The record shows that the Defendants have been in violation of federal tax laws since 2009, have repeatedly failed to withhold and deposit federal taxes, and are indebted to the United States for a total amount of $127,626.30 as of January of 2018. (DN 15-3, ¶ 26.) The fact that the IRS has recorded Notices of Federal Tax Liens against the Defendants and has even hand-delivered a letter to the Defendants concerning their violations indicates that Defendants have knowledge of their failure to comply with federal tax laws. Despite such knowledge, the Defendants have continued to fail to pay employment, unemployment, and corporation taxes. The number of violations over the years, coupled with the Defendants' failure to come into compliance with federal tax laws despite the IRS' continued efforts, gives rise to an inference that the Defendants will continue violating tax laws in the absence of an injunction. As such, the court will enter a permanent injunction to insure the Defendants' future compliance with federal tax laws.

**IV.     CONCLUSION**

For the reasons stated, the court will **GRANT** the United States' motion for summary

judgment. Further, the court will enter a permanent injunction.

An order will be entered in accordance with this opinion.

April 13, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**